IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HECTOR LOPEZ | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LIBERTY MUTUAL GROUP, INC. | : | NO. 23-5128 |

**MEMORANDUM AND ORDER**

In this action, Hector Lopez ("Plaintiff") alleges that he sustained injuries as a result of a motor vehicle accident on January 10, 2022, and that at the time of the accident he was insured under a policy of insurance issued by Liberty Mutual Group, Inc. ("Defendant"), which provided underinsured motorist ("UIM") benefits up to $15,000.00. See Complaint (Doc. 1-1), ¶¶ 3, 5, 11-13.[1] According to the Complaint, the tortfeasor had bodily injury liability limits in the amount of $15,000.00, which Plaintiff claims was insufficient to compensate him for the injuries he allegedly sustained in the accident. Id. ¶ 7.[2] Plaintiff further claims that he asserted a claim for UIM benefits arising out of the accident and that Defendant refused to fairly evaluate his claim or make any settlement offers and made misrepresentations regarding its evaluation of his claim. Id. ¶¶ 16-18.

---

[1]In its motion, Defendant indicates that its correct corporate name is Liberty Mutual Personal Insurance Company. Doc. 5 at 1.

[2]Plaintiff avers that he filed a Complaint against the tortfeasor in the Court of Common Pleas of Bucks County, Pennsylvania, and that the matter settled for the $15,000.00 policy limit, thus exhausting all third-party insurance benefits available to Plaintiff.

The Complaint asserts three counts; breach of contract (Count I), bad faith (Count II), and violation of the Unfair Trade Practices and Consumer Protection Law (Count III) ("UTPCL").  Complaint ¶¶ 19-40.  Defendant has moved to dismiss Counts II and III, arguing that Plaintiff's bad faith claim is predicated upon improper non-specific boilerplate and conclusory allegations, and that the UTPCL applies to practices related to the sale of an insurance policy and not, as here, to the handling of insurance claims.  Doc. 5-2 at 3-7, 9-10.  Rather than amend the Complaint, Plaintiff responded to the motion, arguing that Defendant's motion to dismiss Plaintiff's bad faith claim (Count II) should be denied, Doc. 7, but not opposing dismissal of the UTPCL claim (Count III) without prejudice.  Id. at 1 n.1.

Motions to dismiss are governed by Federal Rule of Civil Procedure 12(b)(6), which provides that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  "Conclusory allegations of liability are insufficient" to survive a motion to dismiss.  See Garrett v. Wexford Health, 938 F.3d 69, 92 (3d Cir. 2019) (quoting Iqbal, 550 U.S. at 556).

In the context of a bad faith claim for denial of insurance benefits, a plaintiff must show by clear and convincing evidence "(1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis." Irving v. State Farm Mut. Auto Ins. Co., Civ. Action No. 17-1124, 2017 WL 4404396, at *3 (E.D. Pa. Oct. 4, 2017) (quoting Verdetto v. State Farm Fire & Cas. Co., 837 F.Supp.2d 480, 484 (M.D. Pa. 2011); Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997); and citing Rancosky v. Wash. Nat'l Ins. Co., 170 A.3d 364, 365 (Pa. 2017).

Here, Plaintiff alleges that he submitted a claim for UIM benefits and forwarded medical evidence, without identifying when these events occurred. Complaint ¶¶ 14-5. He then avers in his bad faith claim that Defendant breached the duty of good faith and fair dealing "by failing to make any offer or make payments for UIM benefits covering Plaintiff" (Complaint ¶ 27), made unspecified "misrepresentations" (id. ¶ 28), had "no reasonable justification in its failure to make any offer and/or make any payments to Plaintiff" (id. ¶ 31), and "acted, and continues to act, in bad faith by breaching the duty of good faith and fair dealing" (id. ¶ 33). These are conclusory statements with no factual support, and they are therefore insufficient. See, e.g., Irving, 2017 WL 4404396, at *3 (granting motion to dismiss where allegations of failing to make any good faith offer, failing to act in good faith and fair dealing, and refusing to evaluate "are purely conclusory legal statements are not factual allegations sufficient to make out a claim for bad faith"). However, if Plaintiff has or learns of information that would plausibly support a finding

that Defendant lacked a reasonable basis to deny benefits, and knew or recklessly disregarded the lack of a reasonable basis, Plaintiff may seek to replead his bad faith claim.

As a result of the foregoing, Defendant's motion will be granted in part and denied in part, and Counts II and III of the Complaint will be dismissed without prejudice.

Furthermore, consistent with a teleconference held with counsel, the parties will have two weeks from the date of this Memorandum and Order, or until March 25, 2024, to advise the Court as to whether this matter is arbitration eligible.  See Local R. Civ. P. 53.2(3)(A) (cases will be designated for arbitration "as to all cases wherein only money damages are being sought, and such damages do not exceed $150,000, exclusive of interest and costs").

An appropriate Order follows.